## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEANON P. LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7990** |
| **SHERIFF GUSMAN, ET AL.** | **SECTION: "F"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Leanon P. Lewis, a state pretrial detainee, filed this federal civil rights action pursuant to 42 U.S.C. § 1983.[1] However, because he submitted neither a filing fee nor an application to proceed *in forma pauperis*, the Clerk of Court instructed plaintiff to correct that deficiency within twenty-one days.[2] When plaintiff did not respond, the undersigned United States Magistrate Judge then issued an Order directing plaintiff to either pay the filing fee or file an application to proceed as a pauper on or before October 17, 2018.[3] That Order, which was sent to plaintiff at his address of record at the Orleans Justice Center, was returned by the United States Postal Service as undeliverable on October 10, 2018.[4] Based on the foregoing, the undersigned now recommends that this matter be dismissed for failure to prosecute.

As an initial matter, the Court notes that plaintiff has failed to pay the required filing fee or request and be granted pauper status. Accordingly, he has failed to meet even that most basic requirement to have his case filed and properly before the Court.

Second, in any event, plaintiff has failed to keep the Court apprised of his current address. That alone warrants dismissal. This Court's Local Rules provide: "Each attorney and pro se

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 2.
[3] Rec. Doc. 3.
[4] Rec. Doc. 4.

litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. The Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. As noted, more than thirty-five days ago, mail sent to plaintiff at the Orleans Justice Center, his address of record, was returned by the United States Postal Service as undeliverable.[5]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has failed to pay the required filing fee or request and be granted permission to proceed *in forma pauperis*. In addition,

---

[5] Rec. Doc. 4.

mail sent to him at his address of record has been returned as undeliverable. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him in order to advance his case on the docket. Accordingly, the complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of November, 2018.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**